**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5061**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYSHAWN SHIPMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  N. Carlton Tilley, Jr., Chief District Judge.  (CR-05-16)

Submitted:  June 30, 2006              Decided:  July 18, 2006

Before WILKINSON, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

J. Darren Byers, LAW OFFICES OF J. DARREN BYERS, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Rayshawn Shipman of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000).  The district court sentenced Shipman to 360 months' imprisonment.  Shipman's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there were no meritorious issues for appeal but challenging Shipman's sentence in light of United States v. Booker, 543 U.S. 220 (2005).  In addition, Shipman has filed a pro se supplemental brief.  For the reasons discussed below, we affirm.

The district court sentenced Shipman as a career offender, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2004).  Thus, Shipman's offense level was thirty-seven and his criminal history category was VI, see id., resulting in a range of 360 months to life imprisonment under the sentencing guidelines. See USSG Ch. 5, Pt. A (sentencing table).  His sentence of 360 months' imprisonment fell at the bottom of this range.

After Booker, a sentencing court is no longer bound by the range prescribed by the sentencing guidelines.  United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  In determining the sentence, however, courts are still required to calculate and consider the guidelines range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp.

2005).  We will affirm a post-<u>Booker</u> sentence if it is within the statutorily prescribed range and is reasonable.  <u>Hughes</u>, 401 F.3d at 546-47.   Further, "while we believe that the appropriate circumstances for imposing a sentence outside the guideline range will depend on the facts of individual cases, we have no reason to doubt that most sentences will continue to fall within the applicable guideline range."  <u>United States v. White</u>, 405 F.3d 208, 219 (4th Cir.), <u>cert. denied</u>, 126 S. Ct. 668 (2005).  "[A] sentence imposed within the properly calculated Guidelines range . . . is presumptively reasonable."   <u>Green</u>, 436 F.3d at 457 (internal quotation marks and citation omitted).   The district court, appropriately treating the guidelines as advisory, sentenced Shipman at the bottom of the applicable range.  We conclude Shipman has failed to rebut the presumption that this sentence was reasonable.

We have considered the claims raised by Shipman in his supplemental brief and subsequent filing, and find them without merit.  Contrary to Shipman's claim, the district court possessed jurisdiction.  <u>See</u> 18 U.S.C. § 3231 (2000).  Furthermore, the record reveals substantial evidence supporting the conviction. <u>See</u> <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>see also</u> <u>United States v. Wilson</u>, 118 F.3d 228, 234 (4th Cir. 1997) (stating we do not "weigh the evidence or review the credibility of the witnesses"); <u>United States v. Tresvant</u>, 677 F.2d 1018, 1021 (4th

- 3 -

Cir. 1982) (providing the "government the benefit of all reasonable inferences from the facts proven to those sought to be established"). Similarly, we find meritless Shipman's conclusory claims of prosecutorial misconduct, unduly cumulative evidence, and a violation of Brady v. Maryland, 373 U.S. 83 (1963), all of which stem from Shipman's unsupported allegations of dishonest testimony by the Government's witnesses. We also reject Shipman's claims of actual innocence and an alleged abuse of discretion by the district court with respect to evidence of a photographic lineup identifying Shipman that was never presented to the jury. Moreover, we find no Confrontation Clause violation. See Crawford v. Washington, 541 U.S. 36 (2004).

Finally, Shipman's allegations of ineffective assistance of counsel are more appropriately raised in a motion pursuant to 28 U.S.C. § 2255 (2000). See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). We do not find ineffective assistance of counsel apparent on the face of the record on appeal.

As required by Anders, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Shipman's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this

court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED